**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONNA J. DUNCAN,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

Defendant - Appellee.

No. 14-35222

D.C. No. 1:12-cv-01976-HA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted January 13, 2015 [**]

Before:     Leavy, Graber, and Owens, Circuit Judges.

Donna Duncan appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pursuant to 28 U.S.C. § 1291.  We affirm.

Duncan contends that the administrative law judge ("ALJ") erred by failing to consider the lay witness statement of her daughter, Cassandra Nelson, who completed a questionnaire describing Duncan's limitations.  Although the ALJ's failure to give germane reasons for discounting Nelson's testimony was an error, *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012), this error was harmless because Nelson's lay testimony described the same limitations that Duncan herself described.  The ALJ's clear and convincing reasons for rejecting Duncan's testimony, which Duncan does not challenge on appeal, also apply to Nelson's testimony.  *Id.* at 1121-22.

Duncan also contends that the ALJ erred by relying on vocational expert testimony and the Dictionary of Occupational Titles ("DOT") to find that she was not disabled because (1) the DOT is inconsistent with Social Security Ruling ("SSR") 96-9p[1], concerning the effect of an inability to stoop on the occupational base of unskilled sedentary work, and (2) SSR 00-4p[2] states that the ALJ may not

[1]SSR 96-9p (1996 WL 374185) "Policy Interpretation Ruling Titles II and XVI: Determining capability to do other work - - Implications of a residual functional capacity for less than a full range of sedentary work."

[2]SSR 00-4p (2000 WL 1898704) "Policy Interpretation Ruling: Titles II and XVI: Use of vocational expert and vocational specialist evidence, and other reliable occupational information in disability decisions."

rely on vocational expert testimony when that evidence is "based on underlying assumptions or definitions that are inconsistent with our regulatory policies or definitions." These contention fail because SSR 00-4p does not preclude consideration of vocational expert testimony or the DOT, and SSR 96-9p recommends that "[c]onsultation with a vocational resource may be particularly useful for cases where the individual is limited to less than occasional stooping." SSR 96-9p at *8. Because the ALJ found that Duncan was limited to "no stooping," which is even less than "occasional stooping," the ALJ properly relied on the vocational expert's testimony to conclude that Duncan could perform jobs existing in significant numbers in the national economy.

We also reject Duncan's contention that her inability to perform any stooping established that her occupational base was eroded to the point that she was disabled. Although SSR 96-9p states that a finding of disability in such a situation would usually apply, SSR 96-9p at *8, SSR 96-9p also states that "a finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of 'disabled.' . . . [C]onsideration must still be given to whether there is other work in the national economy that the individual is able to do, considering age, education, and work experience," *id.* at *1.

The ALJ appropriately proposed a "no stooping" hypothetical to the vocational expert. The expert opined, given that, Duncan's age, education, and work history, there were three jobs existing in significant numbers in the national economy that Duncan could perform. *See* SSR 96-9p at *9 (recommending that the ALJ consult other vocational resources, including a vocational expert and the DOT, whenever it is unclear how much a claimant's limitations have eroded the number of sedentary jobs she could perform)*; see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005) (explaining that an ALJ appropriately relied on vocational expert testimony based on all of the limitations found credible and supported by substantial evidence). Duncan does not dispute the expert's identification of those three occupations if the hypothetical was correct, which we have held it was. Thus, the ALJ properly concluded that Duncan was not disabled.

**AFFIRMED**.